[No. B154457. Second Dist., Div. Five. Feb. 20, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
MANUEL MORALES, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the heading for part III.A., part III.A. in its entirety, and the heading for part III.B.

COUNSEL

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Marc J. Nolan, William T. Harter and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**TURNER, P. J.—**

## I.  INTRODUCTION

Defendant, Manuel Morales, appeals from his convictions for three counts of felony annoying or molesting a child. (Pen. Code,[1] § 647.6, subd. (a).) The jury also found that defendant had sustained two prior convictions for lewd acts upon a child. (§§ 288, subd. (a), 647.6, subd. (c)(2), 667, subds. (b)-(i), 1170.12.) Pursuant to section 1385, subdivision (a), the trial court struck one of the two prior serious conviction findings. Defendant argues: the identification procedure was impermissibly suggestive; there was insufficient evidence to support the guilty verdict on count 2; and the trial court improperly instructed the jury with CALJIC No. 17.41.1. We reject these contentions in the unpublished portion of the opinion.

In the published portion of the opinion, we discuss the following jurisdictional question. The three-count amended information alleged defendant had previously been convicted of two violent felonies, child molestation in violation of section 288, subdivision (a) where the victim was under the age of 14. The amended information alleged the prior serious felony conviction allegations applied to one of the counts. But the jury and court findings entered pursuant to sections 1025 and 1158 made no reference to the prior violent felony findings as applying to only a single count. After dismissing one of the prior violent felony convictions pursuant to section 1385, subdivision (a), the trial court doubled the sentence as required by sections 667, subdivision (e)(1) and 1170.12, subdivision (c)(1) as to only one of the counts. As to the two remaining counts, the court imposed consecutive sentences as if defendant had never previously been convicted of a violent felony. We conclude that once the jury found defendant had previously been

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

convicted of a violent felony, the sentence as to all counts should have been doubled pursuant to sections 667, subdivision (e)(1) and 1170.12, subdivision (c)(1), subject to the trial court's exercise of its section 1385, subdivision (a) power to strike the prior conviction finding.

## II. THE FACTS

■ We view the evidence in a light most favorable to the judgment. (*Jackson v. Virginia* (1979) 443 U.S. 307, 319 [99 S.Ct. 2781, 2789, 61 L.Ed.2d 560]; *People v. Osband* (1996) 13 Cal.4th 622, 690 [55 Cal.Rptr.2d 26, 919 P.2d 640]; *Taylor v. Stainer* (9th Cir. 1994) 31 F.3d 907, 908-909.) At approximately 7:00 p.m. on March 31, 2001, 10-year-old Fernanda P. and 7-year-old Michelle D. were playing near their homes on 54th Street in Maywood. As Michelle D. pushed Fernanda P. in a shopping cart, they noticed defendant sitting in the driver's seat of a yellow van with an orange stripe approximately five feet away. Defendant leaned out toward the girls and yelled, "Hey, do you know somebody who wants to do this?" Defendant was holding a pornographic magazine depicting two women, who in the words of Fernanda P. were "doing something . . . together." Michelle D. described the picture as "bad." Defendant wore a white cap with red on the front of it. Fernanda P. and Michelle D. ran away. They ran towards Fernanda P.'s home. They spoke to Fernanda P.'s mother. Thereafter, the two young girls went to Michelle D.'s home. They spoke with Michelle D.'s mother, Maria P. (Ms. P.). Fernanda P. told Ms. P. that a man had shown them dirty pictures. Fernanda P. appeared scared. Michelle D. said that the man tried to "lure her in" to the van. Ms. P. looked outside to see if the van, which Fernanda P. and Michelle D. described as yellow or orange with stripes, was there. The van was no longer outside. Ms. P. telephoned the police. Ms. P. described the van to the police. A tape recording of Ms. P. conversation with the police department was played at trial.

During the same evening, March 31, 2001, 10-year-old Lizbeth M. and her 11-year-old friend, Stella, were also approached by defendant. Lizbeth M. and Stella were playing on 53d Street. Defendant parked the yellow van at a nearby stop sign. Defendant asked if they were okay. Defendant pulled out some magazines. Defendant showed Lizbeth M. and Stella some pictures of "naked people" in the magazine. Defendant asked the girls if they "[knew] where to find these pictures." Defendant was wearing a white cap with red trim near the forehead. Lizbeth M. immediately went to tell her mother what had happened. Shortly thereafter, Lizbeth M. also told the police what occurred and the color of defendant's hat.

Maywood Police Officer Raul Mayorga responded to a call of an individual attempting to lure children into a van at approximately 7:00 p.m. on

March 31, 2001. Officer Mayorga spoke to Lizbeth M. and Michelle D. on the corner of 54th and Fishburn Streets. Fernanda P. had gone to an aunt's home. The girls told Officer Mayorga that the man wore a white hat and drove a yellow van with an orange stripe. As Officer Mayorga was speaking with Lizbeth M. and Michelle D., a van matching that description drove past. Officer Mayorga asked the girls if the van looked like the one that passed them. The girls immediately said, "Yeah, that looks like the same one." Officer Mayorga got into his police car, broadcast a description of the van, followed it, and made a traffic stop. Defendant was driving the van. Officer Mayorga asked defendant to get out of the van. Officer Mayorga told defendant he was being detained for a criminal investigation. Defendant was wearing a white baseball cap and a red shirt. Officer Mayorga saw two sexually explicit magazines on the floor between the seats of the van. The van had been stopped just beyond a blind curve. Because of the danger in remaining near the blind curve, Sergeant Telmo drove defendant to the Maywood Police Department. The police station was approximately a one-minute drive from the place where defendant was initially stopped.

Maywood Police Officer Sergio Fernandez then drove Lizbeth M., Michelle D., and Ms. P. to the place where the van was stopped. Officer Fernandez read a "field show-up admonishment" to Lizbeth M. and Michelle D. before they got to where the van was parked. Upon seeing the van, both girls immediately said, "That's the van." Officer Fernandez again admonished Lizbeth M. and Michelle D. before proceeding to the Maywood Police Department. Defendant was being detained in the carport or "sally port" area of the police station. Overhead lighting and a spotlight illuminated the area. As Officer Fernandez drove into the carport, both girls immediately said, "That's him."

Fernanda P. spoke with Officer Fernandez the following morning. She described the van and its color. Fernanda P. also told Officer Fernandez about the hat defendant wore. Fernanda P. positively identified defendant at trial as the individual that showed her the magazine.

### III. Discussion

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  *

As previously noted, in the amended information filed June 28, 2001, defendant was charged with three counts of annoying or molesting a child under the age of 18, with a prior conviction in violation of section 647.6,

*See footnote, *ante*, page 445.

subdivisions (a) and (c)(2).[2] Count 1 of the amended information stated: "On or about March 31, 2001, in the County of Los Angeles, the crime of CHILD ANNOYING OR MOLESTING, in violation of PENAL CODE SECTION 647.6(a), a Felony, was committed by MANUEL MORALES, who did unlawfully annoy and molest a child under the age of eighteen years, to wit, LIZBETH M., of the age of 10 years, within the meaning of Penal Code section 647.6(c)(2)." (Original capitalization.) Other than naming different victims and their ages, counts 2 and 3 repeated the allegations in count 1 verbatim. As originally filed, counts 1 through 3 of the amended information contained language referring to a prior section 288, subdivision (a) child molestation conviction.[3] But just prior to jury selection, it was agreed by the parties that the references in each of the counts in the amended information to the prior section 288, subdivision (a) child molestation conviction was unnecessary and constituted surplusage. When the amended information was read to the prospective jurors, no reference was made to the prior section 288, subdivision (a) child molestation conviction. After count 3, there was an additional allegation concerning two prior violent felony conviction. After count 3, the amended information alleged, "It is further alleged pursuant to Penal Code sections 1170.12(a) through (d) and 667(b) through (i) as to count(s) 2 that said defendant(s), MANUEL MORALES, has suffered the following prior convictions of a serious or violent felony or juvenile adjudication . . . ." The amended information then referred to two prior section 288, subdivision (a) child molestation convictions. The first prior violent section 288, subdivision (a) child molestation prior conviction was alleged to have occurred on March 30, 1993, *People v. Morales* (Super. Ct. L.A. County, 1993, No. BA071053). The second prior violent section 288, subdivision (a) child molestation prior conviction was alleged to have occurred on March 3, 1993, in case No. BA067820. The issue of

[2]The relevant provisions of section 647.6 provide: "(a) Every person who annoys or molests any child under the age of 18 shall be punished by a fine not exceeding one thousand dollars ($1,000), by imprisonment in a county jail not exceeding one year, or by both the fine and imprisonment. [¶] . . . [¶] (c)(2) Every person who violates this section after . . . a conviction under Section 288, or a felony conviction under Section 311.4 involving a minor under the age of 14 years shall be punished by imprisonment in the state prison for two, four, or six years."

[3]As originally alleged, count 1 of the amended information stated, "On or about March 31, 2001, in the County of Los Angeles, the crime of CHILD MOLESTING WITH A PRIOR, in violation of PENAL CODE SECTION 647.6(a), a Felony, was committed by MANUEL MORALES, who did unlawfully annoy and molest a child under the age of eighteen years, to wit, LIZBETH M., of the age of 10 years, said defendant(s) having previously convicted of the crime of LEWD ACT UPON A CHILD in violation of Section 288(A) of the Penal Code on or about MARCH 31, 2001, in the SUPERIOR court of the LOS ANGELES Judicial District of the State of California within the meaning of Penal Code section 647.6(c)(2)." (Original capitalization.) Counts 2 and 3 of the amended information prior to being further amended just prior to jury selection contained the same allegations concerning the child molestation prior conviction.

defendant's prior child molestation convictions was bifurcated for purposes of trial.

After the jury convicted defendant of the charges in counts 1 through 3, the prosecutor moved to amend the second of the two prior violent conviction allegations of the amended information. The second prior violent section 288, subdivision (a) child molestation prior conviction allegation alleged that it occurred on March 3, 1993, in case No. BA067820. The prosecutor moved to amend to change the date of the second prior violent section 288, subdivision (a) child molestation felony conviction to March 30, 1993. The amendment motion was granted and the amended information was modified by interlineation to allege that the second prior violent section 288, subdivision (a) child molestation felony conviction was sustained on March 30, 1993, rather than March 3, 1993.

After the amendment motion was granted, the jurors were brought back into the courtroom and advised as follows: "Ladies and gentlemen, the defendant was accused in the information that I read to you in this case of having violated Penal Code section 646.6, [subdivision] (a), and you, the jury, have now returned a verdict of guilty as to the particular charges. [¶] Now I wish to tell you that it is also alleged in the information that the defendant previously has been convicted of a violation of Penal Code section 288[, subdivision] (a) on March 30th, 1993, and another violation of Penal Code section 288[, subdivision] (a) on March 30th, 1983. [Section] 288[, subdivision] (a) is lewd act on a child under the age of 14." The deputy district attorney then advised the court that the second prior violent or serious section 288, subdivision (a) child molestation felony conviction was sustained on March 30, 1993. The trial court then corrected itself to show that the second prior violent or serious section 288, subdivision (a) child molestation felony conviction was allegedly sustained on March 30, 1993.

The trial court continued: "I must ask you to determine the truth of these allegations, the two prior convictions. [¶] I am going to ask you in considering this question that you must not be influenced by the previous convictions on which you have already returned a verdict or any evidence received in support of that allegation. [¶] I am going to ask you to consider each of the alleged prior convictions separately. [¶] And the People have the burden of proving the truth of those allegations. If you have a reasonable doubt as to whether those prior convictions are true, you must find the allegations to be not true." The trial court then advised the jurors as to the anticipated duration of the trial on the prior conviction allegations.

The deputy district attorney then presented testimony concerning Department of Corrections records including superior court abstracts of judgment.

The trial court then gave the following instructions: "Now you must determine the truth of these allegations of the two prior convictions. [In] [c]onsidering this question you must not . . . be influenced by the previous conviction on which you just returned a verdict or on any evidence received in support of that allegation, what you just did. [¶] You must consider each of the alleged prior convictions, which was the subject of this testimony. The people have the burden of proving the truth of these allegations. If you have [a] reasonable doubt as to any such allegations, such alleged prior convictions, if you have any doubt, reasonable doubt as to whether such alleged prior convictions are true, you must find the allegations to be not true. [¶] Include a special finding on that question, using a verdict form that [will] be supplied to you . . . ." Neither the prosecutor nor defense counsel argued the issue of the allegation of the two prior serious felony convictions to the jury. The jury retired to commence deliberations at 4:30 p.m. At 4:40 p.m., the jury returned with its verdicts. As to the first violent prior conviction allegation, the jurors found, "We, the jury in the above-entitled action, find the allegation of the prior conviction against the defendant, Manuel Morales, of lewd act upon a child in case number BA071053 to be true." Except for the reference to the other case number, precisely the same finding was returned as to the second prior violent felony conviction allegation. No objection to the language in the findings was interposed by defense counsel. Pursuant to section 1025, subdivisions (b) and (c),[4] the trial court found that defendant was the individual named in the prior convictions. Additionally, the trial court found the two section 288, subdivision (a) prior child molestation convictions were violent felonies.

The parties then litigated three pertinent questions. First, defendant moved for a new trial. The new trial motion was denied. Second, the prosecutor argued that the prior section 288, subdivision (a) child molestation violent conviction findings should apply to all three counts. The trial court refused to apply the sections 667 and 1170.12 enhanced sentencing provisions to counts 1 and 3.

Third, at the suggestion of defense counsel, the trial court took up the issue of whether to strike the prior violent felony conviction findings as authorized by section 1385, subdivision (a). The prosecutor produced in court the victims from defendant's two 1993 section 288, subdivision (a) child molestation convictions. The two victims then spoke to the trial court

---

[4]Section 1025, subdivisions (b) and (c) state: "(b) Except as provided in subdivision (c), the question of whether or not the defendant has suffered the prior conviction shall be tried by the jury that tries the issue upon the plea of not guilty, or in the case of a plea of guilty or nolo contendere, by a jury impaneled for that purpose, or by the court if a jury is waived. [¶] (c) Notwithstanding the provisions of subdivision (b), the question of whether the defendant is the person who has suffered the prior conviction shall be tried by the court without a jury."

in connection with the sentencing hearing in this case. The victim in case No. BA071053 stated: she was now 15 years old; she had been molested by defendant 11 years ago when she was 4 years old; for the past 11 years, it had been very difficult for her to trust an adult or any man for that matter; the things that defendant did to her "can never be forgotten"; the victim's mother was concerned about the child even being alone with male relatives; the victim had to go to counseling; and it was difficult for her to sleep at night knowing that defendant "could still do this to someone else." At this point, defendant began talking aloud and the bailiff said, "If he doesn't want to be quiet, we will take him outside." Defense counsel apologized to the victim and requested permission to leave the courtroom with defendant, a request that was granted. Upon defendant's return, the victim continued: "He did it once, and he's going to keep on doing it again unless someone puts their foot down, someone puts a stop to it before he continues to do this to some other innocent child or—or he will, or like, or that kid or that child will suffer the way I did. [¶] They will struggle in their school work. It will be so hard for that child to trust an adult again. They will look at a man in a different way, and they will lose all respect for them." The victim concluded: "Put him away. Put him away for long time. Help me sleep better at night. Help me feel better about myself, knowing that by speaking out I made a difference in some way. [¶] Help me feel better about myself. Help me feel, help me knowing—help me by knowing that this man can't hurt anyone else like the way he did to me."

Also, the victim in case No. BA067820 spoke to the court and stated: "All I have to say is that I was a victim of this man for six years. I was sexually molested by him. Everything you could imagine that could be done to a person was done to me by this person." She continued: "I am afraid to be in this courtroom because he is sitting in it. I don't think that anybody should inflict that type of fear on anyone or pain or the harm that it's caused me." The victim indicated that as a result of defendant's molestation of her she had "a large amount of distrust towards" adult men. For example, when she would meet with one of her professors, she felt intimidated. Although it had been nine years since defendant had stopped molesting her, she said, "I don't think it's ever going to get any better." She concluded: "I don't know if my statement will make any difference in his sentencing. I think he should remain in jail for a very long time. I don't think—if it were up to me, he wouldn't walk the streets again. But it's not. It's up to you. [¶] I hope my statement makes a difference in this case. And I know that myself, I will feel more peaceful inside knowing that even if it—I made a statement hoping that it will make a difference." In the absence of a transcript of the two proceedings, the trial court declined to consider specific facts underlying the two prior molestation convictions.

Defendant was given an opportunity to address the court. As to the first victim who spoke, defendant related: he had been told she was only three years old and she could not remember what occurred to her; when she came to his house, she did so "freely on her will" looking for his daughter; and he denied engaging in any misconduct with her. As to the second victim who spoke to the court, defendant said: "I happened to be the next door neighbor from her house. I would go over and watch football. I would get messages from my, from my, my friend's nieces, from her, that she had liked me. [¶] And I knew she was a young girl, and I just ignored it. And it continued. I got phone calls from her. She had claimed when we went to court that she had loved me. [¶] . . . [¶] We fell into a relationship, into a relationship. I truly in my own heart really cared for her because, you know, I just—I really felt a feeling for her where I felt in love with her. [¶] You know, she was a nice, young girl." At the time defendant had the relationship with the victim in case No. BA067820, she was 13 years old and defendant was in his late 20's and early 30's.

The trial court denied probation. The trial court struck the prior violent conviction finding in case No. BA067820. The stated reason was that the court concurred in portions of the argument expressed by the defense in its motion to strike. In the written motion to strike, defense counsel argued: the present offense was not a violent crime within the meaning of section 667.5, subdivision (c) nor a serious felony within the meaning of section 1192.7; defendant had not engaged in a pattern of violent conduct; it had been 12 years since he previously had engaged in criminal conduct; defendant was outside "the spirit" of the enhanced sentencing provisions of sections 667, subdivisions (b) through (i) and 1170.12; the present offense was "not violent or life-threatening"; and if he had not been previously convicted, the present offense would be a misdemeanor. As required by section 1385, subdivision (a) the statement of reasons in the clerk's minutes for granting the motion to strike were as follows: "1. AGE OF THE PRIORS [¶] 2. NATURE OF PRESENT OFFENSES [¶] 3. CONDUCT OF DEFENDANT." (Original capitalization.)

The trial court, as to count 2, imposed the upper term of six years, which was doubled to 12 years. As to count 1, the trial court refused to double the sentence, but merely imposed one-third of the midterm, that is one year four months. Similarly, as to count 3, the trial court did not double the sentence; rather, the trial court imposed a consecutive one-year four-month sentence.

The Attorney General argues that the trial court was jurisdictionally obligated to double the two subordinate terms as to counts 1 and 3. A failure to double subordinate terms when a prior violent or serious felony

conviction allegation has been found to be true is a jurisdictional error which can be raised for the first time on appeal. (*People v. Green* (1996) 50 Cal.App.4th 1076, 1087 [58 Cal.Rptr.2d 259]; *People v. Martin* (1995) 32 Cal.App.4th 656, 665-668 [38 Cal.Rptr.2d 776], disapproved on another point in *People v. Deloza* (1998) 18 Cal.4th 585, 600, fn. 10 [76 Cal.Rptr.2d 255, 957 P.2d 945].) ▮ The apparent theory of the trial court, which defendant reiterates on appeal, is as follows. The only count the sections 667, subdivisions (b) through (i) and 1170.12 enhanced sentencing allegations referred to was count 2. The information did not allege that the prosecution was seeking enhanced recidivist sentencing on counts 1 and 3. Therefore, the sentences as to counts 1 and 3 could not be doubled pursuant to sections 667, subdivision (e)(1) and 1170.12, subdivision (c)(1). We disagree. We reach this conclusion based in large part upon the exact language appearing in sections 667, subdivisions (b) through (i) and 1170.12.

There are two types of enhancements; those that describe the offender and those that divide the nature of the crime. (*People v. Coronado* (1995) 12 Cal.4th 145, 156 [48 Cal.Rptr.2d 77, 906 P.2d 1232]; *People v. Tassell* (1984) 36 Cal.3d 77, 90 [201 Cal.Rptr. 567, 679 P.2d 1], overruled on other grounds in *People v. Ewoldt* (1994) 7 Cal.4th 380, 398-401 [27 Cal.Rptr.2d 646, 867 P.2d 757].) Prior conviction findings fall in the category of those that describe the offender rather than the offense. (See *People v. McClanahan* (1992) 3 Cal.4th 860, 869 [12 Cal.Rptr.2d 719, 838 P.2d 241]; *In re Foss* (1974) 10 Cal.3d 910, 922 [112 Cal.Rptr. 649, 519 P.2d 1073], disapproved on other grounds in *People v. White* (1976) 16 Cal.3d 791, 796, fn. 3 [129 Cal.Rptr. 769, 549 P.2d 537].) In order for enhanced recidivist sentencing to occur, all that is necessary is that the defendant previously had been convicted of a section 667.5, subdivision (c) violent felony such as occurred in this case. Section 667, subdivision (c) states in pertinent part, "Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d), the court shall adhere to each of the following . . . ." Section 667, subdivision (e)(1) states: "For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction: [¶] (1) If a defendant has one prior felony conviction that has been pled and proved, the determinate term . . . shall be twice the term otherwise provided as punishment for the current felony conviction." Section 667, subdivision (f)(1) states: "Notwithstanding any other law, subdivisions (b) to (i), inclusive, shall be applied in every case in which a defendant has a prior felony conviction as defined in subdivision (d)." The same statutory requirements appear in

section 1170.12, subdivisions (a), (c)(1), and (d)(1).[5] Fairly construed, sections 667 and 1170.12 require enhanced sentencing once a prior violent felony conviction has been pled and found to be true, unless the court dismisses the prior conviction finding pursuant to section 1385, subdivision (a).

In terms of this case, it is noteworthy that the jury and trial court findings concerning the prior child molestation convictions make no reference to count 2. As recited earlier, all the jury found was that defendant had previously been convicted. The jury instructions did not refer to any particular count. There were no arguments of counsel. The trial court's findings that defendant was the individual who in fact previously had been convicted twice of child molestation and the offenses were violent felonies made no reference to a particular count. None of the jury or judicial prior violent felony conviction findings made any reference to count 2 in the amended information. Any error in the jury or trial court findings have been waived by the failure to object to them. (*People v. Bolin* (1998) 18 Cal.4th 297, 330 [75 Cal.Rptr.2d 412, 956 P.2d 374]; *People v. Webster* (1991) 54 Cal.3d 411, 446 [285 Cal.Rptr. 31, 814 P.2d 1273].) Therefore, the correct procedure in this case would have been to designate principal and subordinate terms and then double *each* of them. (See *People v. Nguyen* (1999) 21 Cal.4th 197, 203-204 [87 Cal.Rptr.2d 198, 980 P.2d 905]; *People v. Riggs* (2001) 86 Cal.App.4th 1126 [103 Cal.Rptr.2d 890]. 1130.) Hence, the one-year four-month subordinate term sentences as to counts 1 and 3 are reversed. They must each be doubled.

Defendant argues that he is entitled to remand to allow the trial court to exercise its section 1385, subdivision (a) discretion as to counts 1 and 3. Defendant contends we do not have the authority to impose doubled consecutive one-year four-month subordinate term sentences as to counts 1 and 3 without giving the trial court the opportunity to exercise its section 1385, subdivision (a). We agree. A trial court has jurisdiction in a multiple count case to strike a prior violent conviction finding as to individual counts.

[5]Section 1170.12, subdivision (a) states in part: "Notwithstanding any other provision of law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions, as defined in subdivision (b), the court shall adhere to each of the following . . . ." Section 1170.12, subdivision (c)(1) states in part: "For purposes of this section, and in addition to any other enhancements or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction: [¶] (1) If a defendant has one prior felony conviction that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction." Section 1170.12, subdivision (d)(1) states in part: "Notwithstanding any other provision of law, this section shall be applied in every case in which a defendant has a prior felony conviction as defined in this section."

(*People v. Garcia* (1999) 20 Cal.4th 490, 496-503 [85 Cal.Rptr.2d 280, 976 P.2d 831]; *People v. Carrillo* (2001) 87 Cal.App.4th 1416, 1419, fn. 3 [105 Cal.Rptr.2d 360].) The trial court never had occasion to exercise its discretion to strike the remaining prior violent conviction as to counts 1 and 3. The trial court must exercise its section 1385, subdivision (a) discretion in the first instance as to the remaining prior violent conviction as to counts 1 and 3. (*People v. Jordan* (1986) 42 Cal.3d 308, 319, fn. 7 [228 Cal.Rptr. 197, 721 P.2d 79]; *People v. Bradley* (1998) 64 Cal.App.4th 386, 400, fn. 5 [75 Cal.Rptr.2d 244].)

## IV. DISPOSITION

The sentence as to counts 1 and 3 is reversed. As to those counts, the cause is remanded for resentencing in compliance with the views expressed in this opinion. The judgment is affirmed in all other respects.

Grignon, J., and Mosk, J., concurred.

On March 11, 2003, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied May 14, 2003. Kennard, J., was of the opinion that the petition should be granted.