Craig A. STEVENSON, Petitioner—
Appellant,

v.

Gail LEWIS, Deputy Warden,
Respondent—Appellee.

No. 03–56303.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2004.

Decided Oct. 28, 2004.

Before: PREGERSON, TASHIMA, and PAEZ, Circuit Judges.

MEMORANDUM *

Craig Anthony Stevenson ("Stevenson") appeals the district court's denial of his habeas petition under 28 U.S.C. § 2254. Stevenson was convicted by a jury of possession of cocaine and was sentenced by the trial court to twenty-five years to life under California's "Three Strikes" law, Cal.Penal Code § 1170.12(c)(2)(A)(ii). We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm. We review *de novo* a district court's denial of a petition for writ of habeas corpus under 28 U.S.C. § 2254. *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001).

I.

Stevenson first argues that he was denied due process because his sentence was based "at least part on misinformation of constitutional magnitude." [1] He seeks

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the facts and prior proceedings are known to the parties, we restate them only as necessary to explain our disposition.

federal habeas relief on the ground that the California Court of Appeal's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). This argument, however, is not embraced within the scope of the Certificate of Appealability ("COA") issued by a motions panel of this court. *See* 28 U.S.C. § 2253(c); *Hiivala v. Wood,* 195 F.3d 1098, 1102–03 (9th Cir.1999) (limiting appellate habeas jurisdiction to issues specified in the COA). To warrant issuance of a COA, Stevenson "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

To rise to the level of "misinformation of constitutional magnitude," evidence on which a sentencing court relied to fashion a sentence, must be "materially untrue." *See United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) (quoting *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948)). Without directly addressing this standard, the California Court of Appeal held that Stevenson was not denied due process of law because the trial court's conclusion that he possessed cocaine for sale and the handgun was reasonable. Stevenson contests the state court's logic in drawing the inferences it did, but does not proffer evidence that the information was "materially untrue." *Cf. Tucker,* 404 U.S. at 447, 92 S.Ct. 589. Because Stevenson has not made the required threshold showing, i.e., that it is at least debatable that he was sentenced based on information so "extensively and materially false" that it violated due process, *cf. Townsend,* 334 U.S. at 741, 68 S.Ct. 1252, we decline to extend the COA to include this claim.

## II.

Stevenson's second argument is that in denying the motion to strike his prior convictions, the trial court's consideration of facts not proven to a jury beyond a reasonable doubt, such as evidence suggesting that he possessed cocaine for sale and a gun, violated his due process rights under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi,* however, does not apply to the trial court's discretionary decision under *Romero* whether to strike a prior conviction. *See People v. Superior Court (Romero),* 13 Cal.4th 497, 53 Cal. Rptr.2d 789, 917 P.2d 628, 648 (1996); Cal.Penal Code § 1385.

*Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that *increases* the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348 (emphasis added). "Statutory maximum" means "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely v. Washington,* —— U.S. ——, ——, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004) (emphasis in original). By failing to overrule *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), *Apprendi* carved out a "narrow exception" for sentence enhancements based on "the fact of a prior conviction." *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2001); *United States v. Hayden,* 255 F.3d 768, 774 (9th Cir.2001). The *Almendarez–Torres* exception was not altered by *Blakely. United States v. Quintana–Quintana,* 383 F.3d 1052 (9th Cir. Sept.13, 2004).

The trial court sentenced Stevenson to twenty-five years to life pursuant to Cali-

fornia's "Three Strikes" law, which provides for enhanced sentences based on prior serious or violent felony convictions. Cal.Penal Code §§ 667.5, 1170.12(c)(2)(A)(ii). Because the sentence enhancement was based on Stevenson's four prior convictions, the calculation of his sentence falls within the *Almendarez–Torres* exception to *Apprendi.* Furthermore, because the trial judge's consideration of evidence not proved to the jury constituted a discretionary decision not to *decrease* Stevenson's sentence, *Apprendi* is inapposite. *See People v. Morales,* 106 Cal. App.4th 445, 130 Cal.Rptr.2d 800, 808–09 (2003) (discussing discretionary nature of trial court's decision to strike prior convictions in the course of a *Romero* hearing). Finding a defendant to be outside the "spirit" of the Three Strikes law is a mitigating factor in sentencing, rather than a prerequisite to imposing an enhanced sentence. Thus, the trial judge's consideration of facts not proved to a jury did not offend Stevenson's constitutional rights under *Apprendi,* and habeas relief is unavailable. Accordingly, the district court did not err in dismissing Stevenson's *Apprendi* claim.

AFFIRMED.