Filed 5/24/22  P. v. Lawhorn CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JEFFREY STUART LAWHORN,<br><br>        Defendant and Appellant. | C093423<br><br>(Super. Ct. No. 2015955) |

Defendant Jeffrey Stuart Lawhorn is before this court for a second time.

An information charged defendant with multiple offenses related to methamphetamine, including as relevant here possession for sale of methamphetamine (Health & Saf. Code, § 11378; count 3) in an amount more than one kilogram (*id.*, § 11370.4, subd. (b)(1); enhancement 2 to count 3).  The information also charged defendant with four prior strikes, providing details of those convictions, and citing Penal Code sections 667, subdivisions (b) through (i) and 1170.12, subdivisions (a) through

1

(d).[1]  Pursuant to the three strikes law, defendant faced a sentence of 25 years to life if convicted of count 3 and the corresponding weight allegation.  (Pen. Code, §§ 667, subd. (e)(2)(C)(i), 1170.12, subd. (c)(2)(C)(i); Health & Saf. Code, § 11370.4, subd. (b)(1).) However, before trial and apparently unaware that defendant faced a life sentence if convicted as charged, the parties and the court agreed that each side should be allotted only 10 peremptory challenges rather than the 20 mandated by exposure to life in prison. (Code Civ. Proc., § 231, subd. (a).)

The jury found defendant guilty of count 3, among other counts, and found true the weight allegation, and the trial court found three of the prior strike allegations true.[2] The matter was referred to the probation department, which initially provided several determinate sentencing options in its report.  After the court denied defendant's motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*), the court re-referred the matter to probation; the second report opined that defendant should be sentenced to 25 years to life in prison pursuant to the three strikes law.

Defendant objected to the trial court's following the second probation report; the basis for the objection was that he had been allotted only 10 peremptory challenges during jury selection (and therefore could not face a life sentence).  The court granted defendant's motion, observing at a hearing that it would be unjust to sentence defendant to a term that was unanticipated at the time trial was set, and recording in the minutes that it would be unjust to sentence defendant to an indeterminate sentence where he was allotted only 10 peremptory challenges during jury selection.  The court did not dismiss or strike any of defendant's remaining strikes, but sentenced defendant as a second strike offender to a determinate sentence of 17 years.

---

[1]  Further undesignated statutory references are to the Penal Code.

[2]  The fourth strike was not submitted to the trial court for determination, as we discuss *post*.

Defendant appealed, and we reversed two of his counts of conviction and an enhancement. (*People v. Lawhorn* (Nov. 15, 2019, mod. on denial of rehg., Dec. 4, 2019, C084119) [nonpub. opn.].)[3] We remanded the matter to the trial court for a full resentencing hearing, and because the court had failed to dismiss or strike the strikes on which it did not sentence defendant, we directed the court to "address *all* of defendant's strikes on remand."

On remand, the trial court denied defendant's *Romero* motion. Although defendant objected to the imposition of a 25-years-to-life sentence on the basis that he lacked fair notice of the enhancement allegations or his maximum exposure, as relevant here the court sentenced defendant to 25 years to life on count 3 and its corresponding weight enhancement.

Defendant appeals. He contends the trial court abused its discretion by not striking or dismissing his prior strikes on remand because the information failed to adequately notify him that he faced a maximum term of 25 years to life in prison on count 3, the prosecutor affirmatively misrepresented his sentencing exposure by agreeing that he should receive only 10 peremptory challenges at trial, and, to the extent he had notice of his maximum exposure, trial counsel was constitutionally ineffective for failing to adequately advise him of his exposure. Defendant further argues that he suffered adverse consequences from his first appeal, and his sentence for maintaining a place for selling methamphetamine must be stayed pursuant to section 654.

We requested and received supplemental briefing from both parties on whether the trial court misconstrued our directions on remand as precluding its exercise of discretion

_____

[3] On our own motion, we take judicial notice of our opinion in defendant's direct appeal. (Evid. Code, §§ 459, subd. (a) ["The reviewing court may take judicial notice of any matter specified in Section 452"], 452, subd. (d) [permitting a court to take judicial notice of records of "any court of this state"].)

3

to dismiss the prior strikes in the interest of justice. As we will explain, we agree with defendant that the trial court misunderstood our directions as restricting its exercise of discretion; accordingly, we vacate the sentence and remand for full resentencing.

**FACTS AND PROCEEDINGS**

*Factual Background*

We summarize the underlying facts related to defendant's offenses that were recounted in our opinion on defendant's initial appeal. (*People v. Lawhorn, supra*, C084119.)

On July 9, 2015, police officers searched defendant's residence in Yreka. Defendant and codefendant Amanda Wilson, who was asleep on the couch when the police arrived, were present during the search. Officers found more than a pound of methamphetamine, a digital scale, a ledger sheet, over one thousand small plastic bags (packaging for methamphetamine sales), and items associated with methamphetamine use. In a separate search of defendant's parents' residence in Hornbrook, officers found a safe containing cash, documents bearing defendant's name, and two one-gallon bags of methamphetamine weighing approximately four pounds total. They also found containers and digital scales covered with methamphetamine residue in a nearby desk. The packaging found at the two residences was indistinguishable, and the methamphetamine appeared to have been packaged by the same person. (*People v. Lawhorn, supra*, C084119.)

*Procedural History of Underlying Convictions*

Defendant was charged by information with five counts; as relevant here, defendant was charged in count 3 with possession for sale of methamphetamine (Health & Saf. Code, § 11378) in an amount more than one kilogram (*id.*, § 11370.4, subd. (b)(1)). (*People v. Lawhorn, supra*, C084119.)

4

The information further alleged as to multiple counts, including count 3, that defendant had been previously convicted of four serious or violent felonies. (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i).) The weight enhancement allegation attached to count 3--that defendant possessed for sale methamphetamine in an amount more than one kilogram--exposed him to a life sentence if the factfinder found true the prior strike allegations (Pen. Code, § 1170.12, subd. (c)(2)(C)(i); Health & Saf. Code, § 11370.4, subd. (b)(1)), although the information did not expressly so state.

The case proceeded to trial. Before jury selection, the trial court and the prosecutor agreed that the charges necessitated allotting each side only 10 peremptory challenges.[4] The court acknowledged that it "wasn't sure if any of the priors, if they are not excluded, would make it anything but" a case requiring 10 peremptory challenges, and the prosecutor confirmed that each side needed to be allotted only 10 peremptory challenges "regardless of priors."

The jury found defendant guilty of all counts still before it and found true all enhancement allegations. (*People v. Lawhorn, supra*, C084119.) The probation department initially provided multiple sentencing options in its report, each of which was premised on the sentence-doubling provision of the three strikes law. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) There was no mention of a potential life sentence under the three strikes law.

---

[4] In cases where the maximum punishment is death or life in prison, both the prosecution and defense are allotted 20 peremptory challenges. (Code Civ. Proc., § 231, subd. (a).) In other cases, with exceptions not relevant here, each side is allotted only 10 peremptory challenges. (*Ibid.*)

In bifurcated proceedings, the trial court found true three prior strike allegations.[5] The court stated its intent to deny defendant's *Romero* motion, but it authorized the parties to submit additional briefing on that issue. The court again referred the case to probation.

The probation department submitted a second report in which it acknowledged its previous recommendations, but observed that defendant was subject to an indeterminate sentence of 25 years to life in addition to the recommended determinate sentence on the other counts of conviction. (§§ 1170.12, subd. (c)(2)(C)(i), 667, subd. (e)(2)(C)(i).)

Defendant objected to the second report on the basis that he was not allotted 20 peremptory challenges, as is required in any case in which the defendant is exposed to a life sentence. He asserted that because he had been allotted only 10 peremptory challenges, he could not be constitutionally sentenced to life in prison.

At sentencing, the trial court recognized that during jury selection both parties agreed defendant was not exposed to a life sentence, and therefore both parties were allotted only 10 peremptory challenges. The court expressed concern that defendant was now exposed to a penalty that was not anticipated by the court or the parties before trial, and it concluded that it would be "unjust" to impose a life sentence. Accordingly, the court "demonstrated an intent to grant the motion and to proceed on sentencing today on the basis of the first [probation] report and order," which had provided several

---

[5] The prosecutor stated that he decided not to pursue the fourth alleged prior conviction as a strike. The prosecutor was not entitled to unilaterally abandon the prosecution of this strike allegation (see *Romero*, *supra*, 13 Cal.4th at pp. 517, 530 [once strike has been alleged, the disposition of that charge becomes a judicial responsibility, and the prosecutor only has the discretion to move to strike a prior serious felony conviction in the furtherance of justice]; *People v. Roman* (2001) 92 Cal.App.4th 141, 145 [district attorney can only recommend dismissal to the court; dismissal is within the court's discretion].) On remand, we direct the trial court to decide whether to utilize its discretion to dismiss this prior strike conviction allegation in the interest of justice.

determinate sentence options. The prosecutor agreed that the indeterminate life term was improper given the pre-trial limitation on peremptory challenges. The minutes from the sentencing hearing stated: "Court states would be unjust to sent[ence] as [the second] [probation] report states 25 to life due to 10 peremp[tory challenges] as opposed to 20 peremp[tory challenges] if this was going to be a 25 to life case." The trial court then denied defendant's *Romero* motion to strike or dismiss the prior strikes. The court did not orally strike or dismiss the prior strikes or the additional punishment. (§ 1385.)

The trial court sentenced defendant to an aggregate determinate term of 17 years in prison, including three years on count 3, doubled to six years due to defendant's prior strike. (*People v. Lawhorn, supra*, C084119.)

*Defendant's First Appeal*

On defendant's direct appeal to this court, we reversed the judgment as to two counts of conviction and concluded defendant's three-year sentence for a prior drug offense conviction must be stricken. We remanded the matter for a full resentencing hearing.

Although the parties did not brief the issue, we recognized that while the trial court sentenced defendant as a second strike offender, it did not actually dismiss the remaining prior strikes, leaving those strikes outstanding, which resulted in an unauthorized sentence. Accordingly, the opinion reminded the trial court that on remand it "must also address *all* of defendant's strikes." (*People v. Lawhorn, supra*, C084119.)

We also observed that defendant had objected to the second probation report solely on the basis that he was allotted 10 peremptory challenges, the trial court orally stated its intent to grant defendant's motion to disregard that report, and the minutes of the hearing reflected that the trial court concluded it would be unjust to sentence defendant as a third strike offender where he was allotted only 10 peremptory challenges. Accordingly, we also noted that the trial court had failed to analyze whether having been

7

allocated too few peremptory challenges prejudiced defendant. (*People v. Lawhorn, supra*, C084119 [opn. before mod.].)

Defendant petitioned for rehearing, arguing that the parties did not raise or brief the issue of whether he was appropriately sentenced as a second strike offender. Defendant further argued that the trial court's basis for treating him as a second strike offender was his lack of notice that he was facing a life sentence, rather than an error regarding the number of peremptory challenges. We modified the opinion to delete footnote 3 (referencing peremptory challenges and prejudice) and denied defendant's rehearing petition.

*Proceedings Following Remand*

On remand, the prosecution initially suggested that count 3 should again be treated as the base term, and the court should impose a sentence of nine years: six years as a second strike offender, and three years for the weight enhancement. However, in a written sentencing brief, the prosecution argued that sentencing defendant as a second strike offender was unauthorized. Citing footnote 3 that we had previously deleted from our modified opinion in defendant's initial appeal, the prosecution stated: "The Court of Appeal further noted that treating the defendant as a single striker was not an appropriate remedy for having only 10 peremptory challenges." The prosecution argued that defendant must be sentenced to 25 years to life based on his conviction in count 3. The record does not reflect that the trial court was ever informed that our initial opinion had been modified to delete footnote 3.

Defendant responded that the trial court's original decision to sentence him as a second strike offender was not related to his allotment of peremptory challenges, but rather to his lack of notice that he was facing a life sentence if convicted. He argued in the alternative that, if the court intended to impose a life sentence, he should receive a new trial because trial counsel was constitutionally ineffective for failing to adequately advise him of his maximum exposure. Defendant also asserted that principles of double

8

jeopardy prohibited the court from imposing an increased punishment following his successful appeal and that the court should reconsider its previous rulings on his *Romero* motions. In a renewed *Romero* motion, defendant contended the prior strikes were remote in time and he would still receive a lengthy sentence if the strikes were stricken, and he noted the posture of the case and "issues that have arisen and previously been briefed."

The trial court denied defendant's *Romero* motion. Neither the court nor the parties addressed defendant's notice argument. Defendant then requested a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, claiming he felt misled in making the decision to go to trial because he did not know he faced a life term. The court denied the motion on the basis that his attorney was not substandard for trying a case where there "were no real offers."

The probation department recommended the trial court sentence defendant to 25 years to life on count 3. At a subsequent resentencing hearing, defense counsel again objected to the imposition of an indeterminate sentence on the basis that he did not have fair notice of the specific enhancement allegations or his maximum exposure. He observed that defendant had not been informed by counsel, the prosecution, or the court that he was facing a life sentence if convicted.

The trial court appeared to conclude that it had no choice but to sentence defendant to a life sentence under the circumstances. The court stated: "And I do appreciate the frustration that you must be feeling. I'm not without frustration on this as well. However, as I was rightfully instructed, the sentence that I imposed previously was an illegal sentence and may not stand. . . .

[¶] . . . [¶] . . . This Court has instructed the—and made orders that will incorporate and have incorporated the instructions from the appellate court in this proposed sentence. [¶] And the Court believes that it is now consistent with the instructions that this Court received from the Court of Appeal[]. So I am going to be

9

going forward with that." The trial court sentenced defendant in part to 25 years to life on count 3 (Health & Saf. Code, §§ 11370.4, subd. (b), 11378; Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subd. (c)(2)(C)(i)).

Defendant timely appealed on January 19, 2021. The case was fully briefed in September 2021 and was assigned to this panel on September 30, 2021. On December 1, 2021, we requested supplemental briefing on the issues of whether the trial court misinterpreted our remand order to preclude its exercise of discretion to dismiss defendant's prior strikes, whether the prosecutor's and trial court's misrepresentations regarding defendant's exposure could have deprived him of notice where notice was otherwise adequately provided by the information, and whether the trial court failed to consider defendant's constitutional rights as required by *Romero*. Supplemental briefing was completed on January 3, 2022. Defendant requested oral argument and the case was argued and submitted on May 16, 2022.

## DISCUSSION

In response to our supplemental briefing order, defendant contends the trial court misunderstood or misconstrued our opinion on his initial appeal to preclude the court from exercising its discretion to dismiss the prior strike allegations to conform the judgment to the parties' and court's pretrial understanding of defendant's sentencing exposure. The Attorney General argues the trial court was aware of defendant's notice argument, and it declined to dismiss his strikes based on his "serious and unrepentant criminal record." We agree with defendant that the court misconstrued our prior opinion as foreclosing any exercise of its discretion to dismiss defendant's prior strikes in the interests of justice. Therefore, we will remand the matter for a full resentencing.

At the initial sentencing, the trial court agreed with defendant's objection to the second probation report and proceeded with sentencing as if defendant were a second strike offender. However, as we have discussed, the court failed to dismiss any of defendant's remaining prior strikes that it had found true. In the absence of such a

10

dismissal, the sentence imposed by the trial court was unauthorized. (See *People v. Vizcarra* (2015) 236 Cal.App.4th 422, 436 [failure to impose enhancement and double sentence under three strikes law or exercise discretion under § 1385 to strike the prior resulted in unauthorized sentence]; *People v. Morales* (2003) 106 Cal.App.4th 445, 454-456 [reversing where trial court failed to double terms for current offenses despite serious prior felony conviction or to exercise discretion to strike the prior conviction]; *People v. Bradley* (1998) 64 Cal.App.4th 386, 391 ["The failure to impose or strike an enhancement is a legally unauthorized sentence subject to correction for the first time on appeal"]; *People v. Irvin* (1991) 230 Cal.App.3d 180, 191 [failure to either impose or dismiss a sentence on a criminal count, which has been properly pleaded and proved, results in an unauthorized sentence].) Accordingly, we directed the trial court to *address* these outstanding strikes on remand, by which we intended to convey that the court must either dismiss the strikes or the additional punishment in strict compliance with section 1385 (*People v. Williams* (1998) 17 Cal.4th 148, 158), or sentence in accordance with the three strikes law. (*People v. Lawhorn, supra*, C084119 [opn. following mod.].)

In footnote 3 in our opinion before modification, we cautioned that the trial court must consider whether defendant suffered prejudice before dismissing strikes based on having allotted too few peremptory challenges. (*People v. Lawhorn, supra*, C084119 [opn. before mod.].) This footnote accounted for defendant's opposition to the second probation report, in which he exclusively argued that a life sentence could not be constitutionally imposed based on the allotment of too few peremptory challenges, the trial court's stated intention to grant defendant's motion to disregard the probation report, and the minutes of the hearing reflecting the court's conclusion that it would be unjust to sentence defendant to life in prison "due to 10 peremp[tory challenges] as opposed to 20 peremp[tory challenges] if this was going to be a 25 to life case." Recognizing that issue had not been briefed and the matter was being remanded for a full resentencing, we deleted that footnote.

11

However, on remand, the prosecution's sentencing brief cited our deleted footnote to support its arguments that defendant's initial sentence was unauthorized, that sentencing defendant as a second strike offender was not an appropriate remedy for having been allotted only 10 peremptory challenges, and that he must be sentenced to life in prison. Consistent with the prosecution's assertions, the trial court stated at sentencing it was "not without frustration," noted it "was rightfully instructed"--presumably referring to our opinion--that the sentence it had previously imposed was illegal, and stated the sentence it was imposing on remand was intended to incorporate and be consistent with our instructions on remand. The court did not expressly address defendant's argument that he lacked notice of the specific enhancement allegations or his maximum exposure.

We must now acknowledge that our directions failed to make clear that the trial court was not precluded from dismissing the strikes on any basis, including on the basis of a lack of notice, if an adequate record were made to support the court's exercise of its discretion. To clarify: the trial court must *either* dismiss the remaining strikes or account for them in the sentence, and must conduct a prejudice analysis if it intends to dismiss the strikes based on its allotment of too few peremptory challenges.[6]

It is clear to us that the prosecution and trial court misinterpreted our opinion and remittitur as precluding the court from exercising its discretion to dismiss defendant's strikes on *any* basis. Thus, we disagree with the Attorney General, who argues the trial court was aware of its discretion to dismiss the strikes, and declined to do so in the

---

[6] This direction includes the fourth prior strike alleged in the information that was abandoned by the prosecutor but not dismissed by the trial court. (*Romero*, *supra*, 13 Cal.4th at pp. 517, 530 [once strike has been alleged, the disposition of that charge becomes a judicial responsibility, and the prosecutor only has the discretion to move to strike a prior serious felony conviction in the furtherance of justice]; *People v. Roman*, *supra*, 92 Cal.App.4th at p. 145 [district attorney can only recommend dismissal to the court; dismissal is within the court's discretion].)

context of defendant's *Romero* motion. In our view, the trial court clearly did not realize it was entitled to exercise its discretion to dismiss defendant's strikes on the bases of lack of notice or fundamental fairness. Accordingly, we will remand the matter to allow that court to consider defendant's arguments for dismissing his strikes or additional punishment, including those based in fairness or lack of notice. (See *People v. Sawyers* (2017) 15 Cal.App.5th 713, 718, 723, 726 [trial court improperly sentenced the defendant under the three strikes law where information did not provide notice that prior conviction was a strike]; *People v. Brown* (2007) 147 Cal.App.4th 1213, 1228 [remand necessary where record shows trial court proceeded with sentencing on erroneous assumption it lacked discretion]; *People v. Carmony* (2004) 33 Cal.4th 367, 373 [court's discretionary decision to dismiss or to strike sentencing allegation under § 1385 is reviewable for abuse of discretion]; *People v. Superior Court of Marin County* (1968) 69 Cal.2d 491, 505 ["When balance falls clearly in favor of the defendant, a trial court not only may *but should* exercise the powers granted to him by the Legislature and grant a dismissal in the interests of justice," italics added]; *People v. Langevin* (1984) 155 Cal.App.3d 520, 524 [court abuses its discretion where it was not "aware of its discretion" to dismiss].)

On remand, the trial court may consider whether dismissal of one or more of defendant's strikes is warranted in the interest of justice based on a ground previously stated or based on a new ground. (See, e.g., *People v. Bonnetta* (2009) 46 Cal.4th 143, 153 ["Judicial economy is furthered by allowing the trial court to correct what, upon reconsideration and reflection, it perceives to have been an unwarranted dismissal, or to consider if a dismissal should be ordered for some new or different reason. In such cases, the court must also have the power to take action such as reconvening the sentencing hearing or allowing a defendant to withdraw a plea entered on the understanding a count or an enhancement would be dismissed"].) Until such time as the court has exercised its discretion as to each of defendant's strikes and thus has "address[ed] *all* of defendant's

strikes," we decline to reach the merits of defendant's remaining arguments raised in this appeal.[7]

## DISPOSITION

Defendant's sentence is vacated, and the matter is remanded to the trial court for a full resentencing hearing.

_____/s/_____
Duarte, J.

We concur:

____/s/_____
Raye, P. J.

____/s/_____
Hoch, J.

---

[7] In conjunction with his resentencing hearing, defendant may also argue application of the new laws in place that may apply to his situation, such as the recent amendments to section 654 referenced in his supplemental authority letter to this court dated March 16, 2022, as his judgment is not yet final.