[No. D029674. Fourth Dist., Div. One. July 23, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
THEODORE LAVORD ANDREWS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*This opinion is certified for publication with the exception of parts I and II.

COUNSEL

Patrick Morgan Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, M. Eugenia Lopez and David Delgado Rucci, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**HUFFMAN, Acting P. J.**—This case presents the question of whether a defendant may claim a denial of equal protection because the district attorney of the county in which the prosecution occurs complies more strictly with the three strikes law (Pen. Code,[1] § 667, subds. (b)-(i)) than would be the case in the City and County of San Francisco. We will find that differences in the application of the law by local prosecutors, not based on invidious discrimination, do not rise to the level of a denial of equal protection.

Theodore Lavord Andrews was convicted by a jury of possession of cocaine base in violation of Health and Safety Code section 11350, subdivision (a), and two related misdemeanors. The court found true four prison priors within the meaning of section 667.5, subdivision (b), and three serious/violent felony prior convictions within the meaning of section 667, subdivisions (b) through (i).

The trial court denied requests to strike at least two of the serious/violent felony priors. The court did, however, strike the four prison priors. Andrews was sentenced to an indeterminate term of 25 years to life pursuant to section 667, subdivision (e)(2).

Andrews appeals, contending the trial court improperly allowed the prosecution to address the relative difference between the misdemeanor charges and the felony possession offense, improperly limited trial counsel's ability to address Andrews's childhood in closing argument, and that application of the three strikes law to him was a denial of equal protection. We will reject each issue and affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

## Factual Summary

The facts of the offense are only marginally relevant to the issues presented on this appeal. Accordingly, we will briefly summarize the facts in order to put some of the arguments into proper context.

Andrews and friends were confronted by San Diego police officers about 4:15 p.m. on October 17, 1996. Andrews, who was on parole, dropped a cocaine pipe and fled. He was tackled by an officer who thereafter forced Andrews to open his closed hand. The opened hand revealed a single rock of cocaine base.

### Defense

Andrews testified in his own behalf. He admitted possession of the cocaine pipe and running from officers. He denied the possession of the rock which officers testified had been removed from his hand.

## Discussion

## I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III

### Equal Protection

Andrews contends he has been denied equal protection of the law because his case would not have been prosecuted as a third strike case in another county. Specifically, Andrews introduced evidence at trial regarding the charging policies of the District Attorney for the City and County of San Francisco. The materials introduced indicated the prosecutor in that jurisdiction does not apply the three strikes law to current felonies that are not serious or violent. From the fact the San Diego County District Attorney does apply the statute to charge a person such as Andrews who possesses a very small quantity of drugs (.1 gram), appellant argues disparate treatment in violation of principles of equal protection.

The record does not contain any statistical data nor does it show any statewide pattern of enforcement of this particular sentencing statute. We are not even fully informed of the policies of the San Diego County District

---

*See footnote, *ante*, page 1098.

Attorney. Even with the sparse record, however, it is clear there can be vast differences in the manner of enforcement of this draconian sentencing law. It seems to be without dispute that Andrews would not have faced a life term if he had committed the current offense within the San Francisco boundaries. Undoubtedly, such vast differences in enforcement patterns, based on nothing other than differing policies within cities or counties, is a source of concern. That a person faces either probation or 25 years to life based only on geography should trouble any thinking person. Having said that, however, does this court have the power to impose some systemic remedy? We think not.

■ In California, the district attorney of each county is the public prosecutor and is vested with the power to charge persons within that jurisdiction with criminal offenses. (Gov. Code, §§ 26500-26501.) That official is not required to file all possible criminal cases but is vested with substantial discretion in selecting which cases to charge and at what level. (See *Taliaferro* v. *Locke* (1960) 182 Cal.App.2d 752, 755 [6 Cal.Rptr. 813].) While there are limitations on prosecutorial discretion as a general proposition, such official can exercise broad discretion in charging decisions. (*Leo* v. *Superior Court* (1986) 179 Cal.App.3d 274, 288 [225 Cal.Rptr. 15]; *People* v. *Lucas* (1995) 12 Cal.4th 415, 477-478 [48 Cal.Rptr.2d 525, 907 P.2d 373]; *Bradley* v. *Lacy* (1997) 53 Cal.App.4th 883, 893-895 [61 Cal.Rptr.2d 919].)

■ The drafters of the three strikes law appear to have intended to limit to some extent the exercise of discretion by prosecutors when it comes to dealing with persons who come within the reach of the new law. Section 667, subdivisions (f) through (g) appears to contain legislative direction to prosecutors to file and prove the necessary prior convictions to bring a person within the statute. Those sections provide:

"(f)(1) Notwithstanding any other law, subdivisions (b) to (i), inclusive, shall be applied in every case in which a defendant has a prior felony conviction as defined in subdivision (d). The prosecuting attorney shall plead and prove each prior felony conviction except as provided in paragraph (2).

"(2) The prosecuting attorney may move to dismiss or strike a prior felony conviction allegation in the furtherance of justice pursuant to Section 1385, or if there is insufficient evidence to prove the prior conviction. If upon the satisfaction of the court that there is insufficient evidence to prove the prior felony conviction, the court may dismiss or strike the allegation.

"(g) Prior felony convictions shall not be used in plea bargaining as defined in subdivision (b) of Section 1192.7. The prosecution shall plead and

prove all known prior felony convictions and shall not enter into any agreement to strike or seek the dismissal of any prior felony conviction allegation except as provided in paragraph (2) of subdivision (f)." (§ 667, subds. (f), (g).)

Thus, we are faced at the outset of our analysis with the likelihood that the prosecutor in San Francisco, in electing to ignore the mandates of the statute, is failing to carry out the duties placed on all prosecutors by such statute. Such observation is important in our analysis because the argument advanced here is that as long as one prosecutor's office refuses to strictly enforce the law, all prosecutors in the state are bound to operate at the lowest charging level. There is, of course, no authority for that proposition.

It has been recognized by the United States Supreme Court that disparities often exist in the patterns of enforcement of statutes, particularly habitual criminal laws. In *Oyler* v. *Boles* (1962) 368 U.S. 448, 456 [82 S.Ct. 501, 505-506, 7 L.Ed.2d 446], the court recognized some selectivity in the enforcement of such statutes may occur without creating a violation of equal protection. The court said: "Even though the statistics in this case might imply a policy of selective enforcement, it was not stated that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification. Therefore, grounds supporting a finding of denial of equal protection were not alleged." (*Ibid.*)

There is no suggestion in this record that any charging decisions have been made on the basis of race or any other impermissible classification. (See *Murgia* v. *Municipal Court* (1975) 15 Cal.3d 286 [124 Cal.Rptr. 204, 540 P.2d 44].) Rather, this case simply involves different charging policies as between two prosecutors' offices.

There is no current authority which requires intercounty or intercase proportionality review. The Supreme Court has not required such review in death penalty cases. (*People* v. *Arias* (1996) 13 Cal.4th 92, 192-193 [51 Cal.Rptr.2d 770, 913 P.2d 980]; *People* v. *Kirkpatrick* (1994) 7 Cal.4th 988, 1023 [30 Cal.Rptr.2d 818, 874 P.2d 248]; *People* v. *Keenan* (1988) 46 Cal.3d 478, 505 [250 Cal.Rptr. 550, 758 P.2d 1081].)

The logic of the court's death penalty jurisprudence is compelling here. Such cases turned on the ability of prosecutors in the various counties to set policy on the issuance and prosecution of capital cases. *Arias* and the other cases recognize it is appropriate for such locally elected officials to set and enforce their policies, as long as there is no invidious or otherwise improper discrimination. Such authority compels a conclusion this court cannot and

should not attempt to direct one prosecutor's office to accept or agree with the policies of another. Rather, we should look to the lawfulness of such policies and whether they comply with statutes and constitutional provisions.

We also find support in the structure of the prosecution function within the executive branch of California government. The California Attorney General has supervision over the district attorneys of the state and may take action to see to the adequate enforcement of the laws of the state. (Cal. Const., art. V, § 13; Gov. Code, § 12550 et seq.; see also 4 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Introduction to Criminal Procedure, §§ 1785-1790, pp. 2104-2112.) The record does not disclose any information about the actions of the Attorney General nor, for that matter, the actions of any prosecutor's office regarding the three strikes law, save for San Francisco. Such paltry record will not support a finding of denial of equal protection. Nor does it give any support for action by this court to require San Diego County officials to follow the lead of San Francisco in enforcing a state statute.

Thus, although it is disturbing to realize that whether a given offense produces minor sanctions or life in prison may depend on one's physical location within the state, the solution does not lie in courts requiring all of the state's prosecutors to follow the lead of the most eccentric among them. As long as those prosecutors faithfully follow the law and avoid any improper classification of offenders, there is no basis for the court to interfere with the policy decisions of such local officials. We leave the pursuit of greater uniformity to the Legislature and the Attorney General.

### DISPOSITION

The judgment is affirmed.

Nares, J., and Howatt, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied November 4, 1998.

---

*Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.