[No. B145118. Second Dist., Div. Five. Sept. 6, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
ARTHUR ROMAN, Defendant and Appellant.

[No. B149269. Second Dist., Div. Five. Sept. 6, 2001.]

In re ARTHUR ROMAN on Habeas Corpus.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II. through V. of the Discussion.

**COUNSEL**

William M. Duncan, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Acting Chief Assistant Attorney General, Marc E. Turchin, Acting Assistant Attorney General, Pamela C. Hamanaka and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GRIGNON, Acting P. J.**—Defendant and appellant Arthur Roman was convicted of possession of a small quantity of methamphetamine and admitted three prior serious felony convictions within the meaning of Penal Code section 1170.12. Defendant was sentenced to 25 years to life in prison, pursuant to the "Three Strikes" law. While defendant's appeal was pending, the newly elected Los Angeles District Attorney, Stephen Cooley, issued a directive to his deputies that certain prosecutions, including controlled substance charges without quantity enhancements, were to be presumed by the deputies to be second strike cases, rather than third strike cases. Believing he would have received a more lenient sentence had he been prosecuted under this directive, defendant contends he should receive the benefit of the directive pursuant to the doctrine of abatement. We conclude the doctrine of abatement is wholly inapplicable to a district attorney's change in policy, and therefore affirm. In the unpublished portion of the opinion, we reject defendant's contentions the trial court erred in instructing the jury in the language of CALJIC No. 17.41.1; the trial court abused its discretion in refusing to strike his prior serious felony convictions; and his sentence violates the prohibition against cruel and unusual punishment. We also deny defendant's petition for writ of habeas corpus on the ground of ineffective assistance of counsel.

### FACTS AND PROCEDURAL BACKGROUND

At 11:15 p.m. on December 26, 1999, Los Angeles Sheriff's Department deputies observed defendant and a female companion walking through a motel parking lot. Defendant was drinking from an open beer can. When the deputies patted defendant for weapons, they discovered a glass pipe used to smoke methamphetamine. Defendant was taken into custody, and a subsequent search revealed a plastic bag containing .25 grams of a substance containing methamphetamine in defendant's pocket. Defendant was charged with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and misdemeanor possession of a smoking device (Health & Saf. Code, § 11364). Defendant was convicted by a jury as charged. Defendant admitted three prior serious felony convictions within the meaning of Penal Code section 1170.12, and two prior prison terms within the meaning of Penal Code section 667.5, subdivision (b). Defendant's motions to reduce the felony possession to a misdemeanor and to strike two or more of his prior serious felony convictions were denied. Defendant was sentenced to 25 years to life in prison.[1] Defendant filed a timely notice of appeal.

---

[1]A concurrent sentence was imposed on the misdemeanor, and the two prior prison terms were stricken.

DISCUSSION

## I. *Unauthorized Three Strikes Sentence*

### A. *District Attorney's Discretion*

■ As a general rule, the selection of criminal charges is a matter subject to prosecutorial discretion. (*People v. Birks* (1998) 19 Cal.4th 108, 134 [77 Cal.Rptr.2d 848, 960 P.2d 1073].) However, the Three Strikes law limits that discretion and requires the prosecutor to plead and prove each prior serious felony conviction.[2] (Pen. Code, § 1170.12, subd. (d)(1).) Nor can the prosecutor unilaterally strike a prior serious felony conviction allegation. The prosecutor has no independent authority to abandon a prosecution. (Pen. Code, § 1386.) "When the jurisdiction of a court has been properly invoked by the filing of a criminal charge, the disposition of that charge becomes a judicial responsibility." (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 517 [53 Cal.Rptr.2d 789, 917 P.2d 628].) The only discretion remaining in the prosecution is the ability to move to strike a prior serious felony conviction allegation in the furtherance of justice.[3] (Pen. Code, § 1170.12, subd. (d)(2).) Such a motion is directed to the discretion of the trial court. (Pen. Code, § 1385; *People v. Superior Court (Romero)*, *supra,* 13 Cal.4th at p. 530.) "[A] district attorney can only recommend dismissal to the court. Dismissal is within the latter's exclusive discretion." (*People v. Parks* (1964) 230 Cal.App.2d 805, 812 [41 Cal.Rptr. 329].)

### B. *District Attorney's Directive*

In December 2000, District Attorney Cooley issued Special Directive 00-02, setting forth guidelines for the exercise of prosecutorial discretion in Three Strikes cases.[4] The directive provides that "[a]ll qualifying prior felony convictions shall be alleged in the pleadings." The directive further provides that, if the defendant has two or more prior serious felony convictions, the case is to be a "presumed third strike" case if the current offense is a serious felony or a controlled substance charge with a quantity enhancement. If it is not, the case is a "presumed second strike" case, in which the

---

[2]This limitation on prosecutorial discretion does not violate the separation of powers doctrine. (*People v. Kilborn* (1996) 41 Cal.App.4th 1325, 1332-1333 [49 Cal.Rptr.2d 152].)

[3]The prosecution may also move to dismiss a prior serious felony conviction allegation if there is insufficient evidence to prove it. (Pen. Code, § 1170.12, subd. (d)(2).)

[4]Defendant requests we take judicial notice of a press release setting forth Special Directive 00-02. The directive is undated, although the press release is dated December 19, 2000. We grant the motion for judicial notice. Defendant submits no evidence of any prior policy; nonetheless, we will assume that Special Directive 00-02 represented a change in policy.

prosecutor should move the trial court under Penal Code section 1385 to strike all but one prior serious felony conviction allegation. The presumption may be rebutted. A head deputy may decline to move to strike a prior serious felony conviction allegation in a presumed second strike case if the current offense involves a deadly weapon, injury to a victim, or the threat of violence. Likewise, the bureau director may decline to move to strike in a presumed second strike case if other factors warrant that determination.

## C. *Doctrine of Abatement*

■ The judicial doctrine of abatement applies when the Legislature amends a criminal statute lessening punishment for an offense[5] and intends the amended statute to be applied retrospectively to judgments of conviction not yet final. Such an amended statute, rather than the old statute in effect when the offense was committed, applies to all judgments of conviction not yet final upon the amended statute's effective date. (*People v. Nasalga* (1996) 12 Cal.4th 784, 790 [50 Cal.Rptr.2d 88, 910 P.2d 1380].) A punishment imposed under the old statute is thus unauthorized. Accordingly, the issue of abatement may be raised for the first time on appeal. (*Id.* at p. 789, fn. 4.)

An amended statute lessening punishment is applied retrospectively if the statute expressly so provides; similarly, such a statute is applied prospectively only if the statute expressly so provides. (*In re Estrada* (1965) 63 Cal.2d 740, 744 [48 Cal.Rptr. 172, 408 P.2d 948].) If the statute is silent on the issue of retrospective application, the courts will generally presume a legislative intent to apply the amended statute retrospectively. "When the Legislature amends a statute so as to lessen the punishment[,] it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply." (*In re Estrada, supra,* 63 Cal.2d at p. 745; *People v. Rossi* (1976) 18 Cal.3d 295, 299 [134 Cal.Rptr. 64, 555 P.2d 1313]; *People v. Trippet* (1997) 56 Cal.App.4th 1532, 1544-1545 [66 Cal.Rptr.2d 559].) This inference is not automatic in every case of a statute that is silent as to whether it is to be applied retrospectively. (*People v. Nasalga, supra,* 12 Cal.4th at p. 793.) If the circumstances of the amendment suggest the amendment was intended to be given only prospective effect, that intention will be upheld. (*In re Pedro T.* (1994) 8 Cal.4th 1041, 1045-1046 [36 Cal.Rptr.2d 74, 884 P.2d 1022] [concluding that when a statute that temporarily increased a punishment

---

[5]The doctrine also applies when the Legislature decriminalizes an offense.

expired by its own terms, the decreased punishment which applied after the term expired, was not to be applied retrospectively].)

### D. *Inapplicability of Abatement to the Directive*

■ The doctrine of abatement applies only when three factors are present: (1) a statute describing an offense or its punishment is amended by the Legislature;[6] (2) the amendment lessens the punishment for the offense; and (3) the Legislature intended that the amended statute be applied retrospectively. None of these elements are present in District Attorney Cooley's directive.

### 1. *The Directive Is Not a Legislative Enactment*

The doctrine of abatement has been applied only to statutory enactments. Defendant contends the doctrine of abatement should be extended to District Attorney Cooley's policy. But the rationale for abatement applies only when a statutory amendment is at issue.

Abatement applies when the Legislature has lessened the punishment for an offense and intends the decrease to apply retrospectively. If abatement were not applied in that situation, the courts would be forced to uphold a penalty which the Legislature had determined was too severe and thus unauthorized. This is not the case when the change is nonstatutory, but simply a policy implementing the exercise of a prosecutor's discretion. Regardless of whether the policy results in a more severe or more lenient sentence, any sentence imposed would be a sentence authorized by the Legislature.

A similar situation was considered in *In re Winner* (1997) 56 Cal.App.4th 1481 [66 Cal.Rptr.2d 333], where the appellate court considered whether a change in an implementing regulation could violate the prohibition against ex post facto laws. The petitioner, a prison inmate, had committed a serious disciplinary infraction, resulting in the forfeiture of his conduct credits. Subsequent to his infraction, the Director of Corrections promulgated a regulation prohibiting the restoration of credits for inmates who committed serious infractions. This was a change from prior policy, which had allowed restoration of credits. The inmate contended the change violated the prohibition against ex post facto laws. The appellate court disagreed, because at the time of the inmate's infraction, the statutory scheme provided the director with discretion to determine whether credit should be restored for

---

[6]The doctrine is also applicable to ordinances. (See *Spears v. County of Modoc* (1894) 101 Cal. 303 [35 P. 869].)

inmates committing serious infractions. (*Id.* at pp. 1486-1487.) As the amended regulation did not increase the punishment to which the inmate was subject under the applicable legislation, there was no ex post facto violation. (*Id.* at pp. 1487-1488.) The same rationale applies with respect to the doctrine of abatement. It is the statute setting forth the applicable punishment that is of significance, not the implementing policy. (Cf. *People v. Andrews* (1998) 65 Cal.App.4th 1098, 1103-1104 [76 Cal.Rptr.2d 823] [different prosecutorial charging policies, as long as they each follow the law, do not result in a denial of equal protection].)

As there is no statutory amendment at issue in this case, the doctrine of abatement does not apply.

### 2. *The Directive Does Not Lessen the Punishment*

Even if the doctrine of abatement were extended to implementing policies, District Attorney Cooley's directive in this case does not lessen the punishment for the offense and is therefore an inappropriate candidate for abatement.

Defendant argues "there is no question that under [the new] policy[,] [he] would not have been charged under the three strikes law." There is no basis for this argument. First, under the directive, all of defendant's prior serious felony convictions would have been alleged, as required by the Three Strikes law. (Pen. Code, § 1170.12, subd. (d)(1).) The directive addresses only a deputy's discretion to move to strike. Second, the prosecution might not have brought such a motion under the directive. The directive is not an absolute declaration that the prosecution must move to strike prior serious felony convictions in a "presumed second strike" case. The bureau director has discretion to determine whether a motion will be brought in such a case. Third, even if such a motion were brought, the trial court might not have granted it. Indeed, the trial court declined to strike any of defendant's prior serious felony convictions when defendant sought that relief. In short, it is not the case that "presumed second strike" cases prosecuted under this policy directive will necessarily expose defendants to only second strike sentences. Instead, "presumed second strike" cases prosecuted under the policy directive must be charged as third strike cases; the prosecution may choose not to move to strike prior serious felony conviction allegations; and the trial court may deny any motion to strike made by the prosecution.

The policy does not lessen the punishment to which defendants are exposed; as such, it is not a basis for the application of the doctrine of abatement.

### 3. *The Directive Was Not Intended to Be Given Retrospective Application*

Even if District Attorney Cooley's directive were viewed as akin to a legislative enactment lessening punishment, the doctrine of abatement would still not apply, as the directive could not have been intended to have retrospective application. The directive could have no effect on cases pending on appeal, as the cases would no longer be within the purview of the district attorney. The directive simply establishes a new policy, promulgated by the new Los Angeles District Attorney shortly after he took office, setting forth guidelines for the exercise of the discretion inherent in his office.

### 4. *Summary*

District Attorney Cooley's policy directive is not a statutory enactment; it does not lessen the punishment for an offense; and it was not intended to be given retrospective application. The directive is simply the expression of an elected official's opinion on how to best exercise the discretion of his office. It effects no change in the law, but simply sets forth one prosecutor's policy on when to move the trial court to exercise its discretion to strike prior serious felony convictions. Defendant's sentence is not unauthorized. Accordingly, the doctrine of abatement is wholly inapplicable.

II.-V.*

. . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed. The petition for writ of habeas corpus is denied.

Armstrong, J., and Willhite, J.,† concurred.

Appellant's petition for review by the Supreme Court was denied December 12, 2001.

---

*See footnote, *ante*, page 141.

†Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.