Filed 3/29/22  P. v. Taylor CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOE ALFRED TAYLOR III,<br><br>    Defendant and Appellant. | B306960<br><br>(Los Angeles County<br>Super. Ct. No. LA084120) |

APPEAL from a judgment of the Superior Court of California. Richard J. Kirschner, Judge. Affirmed.

Edward H. Schulman, under appointment by the Court of Appeal for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel, Jr. and Allison H. Chung, Deputy Attorneys General for Plaintiff and Respondent.

# INTRODUCTION

Defendant and appellant Joe Alfred Taylor III appeals from the judgment entered after a jury found him guilty of multiple sex offenses and first-degree robbery. On appeal, Taylor argues: (1) the trial court improperly imposed a 25-year-to-life term on count 10 because the District Attorney did not allege a three strike enhancement on count 10; and (2) he had a right to have the jury determine whether his act of sexual penetration by a foreign object and acts of forcible sodomy (counts 1 through 4) took place "on separate occasions." We reject his contentions and affirm the judgment.

## BACKGROUND[1]

The Los Angeles County District Attorney's Office filed a third amended information charging Taylor with sexual penetration by a foreign object (Pen. Code,[2] § 289, subd. (a)(1); count 1), forcible sodomy (§ 286, subd. (c)(2)(A); counts 2-4), and first-degree residential robbery (§ 211; counts 6-10). As to counts 1 through 4, it was further alleged Taylor was armed with a firearm (§ 12022.3, subd. (b)), was engaged in first-degree burglary (§ 667.61, subds. (a) & (e)), and personally used a deadly weapon (a pellet gun) (§ 667.61, subds. (b) & (e)). As to counts 6 through 10, it was further alleged Taylor personally used a deadly and dangerous weapon (a pellet gun) (§ 12022, subd. (b)(1)).

---

[1]    Because Taylor appeals only sentencing and pleading errors, we limit our recitation of the facts.

[2]    All further undesignated statutory references are to the Penal Code.

As to counts 1 through 9, it was further alleged Taylor suffered two prior strike convictions for robbery. (§§ 667, subds. (b)-(j) and 1170.12, subd. (b).

As to counts 1 through 10, it was further alleged Taylor served three prior prison terms within the meaning of section 667.5, subdivision (b). As to counts 6, 7, 8, and 10, it was further alleged Taylor served a prior prison term within the meaning of section 667.5, subdivision (b).

A jury convicted Taylor on all counts and found the special allegations to be true. The District Attorney filed a sentencing memorandum recommending the maximum sentence of 483 years to life in prison, including a third strike sentence of 25 years to life, plus one year for the weapon enhancement, on count 10. After a bench trial on the prior conviction allegations, the trial court found them to be true. On July 16, 2019, the trial court sentenced Taylor to a total term of 425 years to life in prison. Specifically, the trial court imposed a third-strike term of 25 years to life on count 10. As to the sex offenses in counts 1 through 4, the trial court noted at the sentencing hearing that it was required to impose full, separate, and consecutive terms pursuant to section 667.6 if the crimes involved the same victim on separate occasions. The trial court found Taylor "had ample time between each of the sexual assaults to contemplate and reflect upon his actions." The trial court stated its findings were based on the victim's testimony that Taylor held her at gunpoint, forced her onto the bed, digitally penetrated her rectum, sodomized her several times, and moved her and repositioned her for each of the separate acts of sodomy. On July 25, 2019, the trial court modified the sentence to a total term of 425 years to life, plus a consecutive eight-year term. After this court filed an

order granting Taylor's application for relief from default for failure to file a timely notice of appeal from the judgment, Taylor filed a notice of appeal.

## DISCUSSION

### A. The Trial Court Properly Imposed a 25-Year-to-Life Term on Count 10

#### 1. Applicable Legal Principles

"The purpose of the Three Strikes law is 'to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of one or more serious or violent felony offenses.' (§ 667, subd. (b).) By its own terms, it applies 'in *every case* in which a defendant has one or more prior serious or violent felony convictions . . . .' (*Id.*, subd. (f)(1), italics added; see also § 1170.12, subd. (d)(1).) Indeed, despite the 'general rule' that 'the selection of criminal charges is a matter subject to prosecutorial discretion,' 'the Three Strikes law limits that discretion and requires the prosecutor to plead and prove each prior serious felony conviction.' (*People v. Roman* (2001) 92 Cal.App.4th 141, 145 (*Roman*); see § 667, subd. (f)(1) ['The prosecuting attorney *shall* plead and prove each prior serious or violent felony conviction . . . .' (italics added)]; see also § 1170.12, subd. (d)(1).) The prosecution may move the court to dismiss the prior conviction allegation for insufficient evidence or 'in the furtherance of justice' (§§ 667, subd. (f)(2), 1170.12, subd. (d)(2)), but may not 'unilaterally strike' the allegation (*Roman*, at p. 145)." (*People v. Laanui* (2021) 59 Cal.App.5th 803, 815.)

"Because application of the Three Strikes law is based on 'a defendant's prior conviction status,' a status that 'does not change from one count to another,' our Supreme Court has

4

described the Three Strikes law as 'a single comprehensive and indivisible sentencing scheme that either does or does not apply.' (*People v. Garcia* (1999) 20 Cal.4th 490, 502 (*Garcia*).) Accordingly, 'it is appropriate to allege [defendant's prior conviction] status only once as to all current counts . . . .' (*Garcia*, at p. 502.)" (*People v. Laanui, supra,* at p. 815.)

The pleading requirement of the Three Strikes law is found in section 1170.12, subdivisions (c)(1) and (c)(2)(A), as follows: "If a defendant has one prior serious or violent felony conviction . . . that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction"; and, "if a defendant has two or more prior serious or violent felony convictions . . . that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term . . . ." (See also § 667, subds. (e)(1) & (e)(2)(A).) Under the plain language of the statute, the only express pleading requirement in the Three Strikes law is that the defendant have one or more prior felony convictions which will subject him to the provisions of the statute. Thus, the express pleading requirement under the Three Strikes statute does not require the qualifying felony convictions to be alleged as to each count.

### 2. Analysis

As noted above, Taylor contends the trial court erred in imposing a third-strike sentence on count 10 because the prior strike allegations were only pleaded as to counts 1 through 9. The Attorney General argues Taylor forfeited this challenge by not objecting below. On the merits, the Attorney General argues that

5

so long as the information alleges a prior strike conviction, it need not be pleaded on a count-by-count basis. We conclude defendant's argument fails on the merits and do not reach the forfeiture question.

For the same reasons discussed in *Laanui,* we find the trial court in this case did not err in imposing a third-strike sentence on count 10. "The [third amended] information in the instant case expressly invoked the Three Strikes law, and the plain language of that law provided adequate notice that it must apply to *all* eligible offenses unless the trial court exercised its discretion to strike the strike[s]." (*Laanui, supra*, 59 Cal.App.5th at p. 817.) "Citation to the Three Strikes law, along with an allegation of [the prior strikes], was sufficient to place [appellant] on notice that all eligible offenses would be subject to the Three Strikes sentencing scheme." (*Id.* at p. 821.)

Here, the information set forth the possible enhancements for each count, and cited section 1170.12. Specifically, the face sheet of the third amended information filed in this case entitled "Information Summary" expressly notified Taylor that his sentence as to all counts—counts 1 through 4 and counts 6 through 10—was subject to sentencing under the Three Strikes law because it cited the corresponding section as "PC 1170.12" in the "Allegation" column as to each count. Additionally, the body of all four charging documents filed in this case alleged two prior strike convictions within the meaning of section 1170.12. Thus, Taylor was given sufficient notice through both the information summary, and the allegations contained in the body of all four charging documents[3], that the Three Strikes law sentencing

---

3     The original information was filed on December 27, 2016, an amended information was filed on October 22, 2018, a second

scheme applied to count 10. We, therefore, conclude the trial court properly doubled the sentence on count 10 under the Three Strikes law.

Moreover, Taylor's reliance on *People v. Mancebo* (2002) 27 Cal.4th 735 is unavailing for the same reasons addressed in *Laanui.* "*Mancebo* addressed the notice required when the prosecution makes a *discretionary* charging decision concerning enhancements based on the *circumstances of the underlying offense*." (*Laanui, supra*, 59 Cal.App.5th at pp. 820.) "*Mancebo, . . .* does not apply to the instant case, in which the information clearly alleged a sentencing regime that on its face is both nondiscretionary and based on defendant's criminal history rather than the circumstance of his offenses. Citation to the Three Strikes law, along with an allegation of a prior strike, was sufficient to place defendant on notice that all eligible offenses would be subject to the Three Strikes sentencing scheme. (*Laanui,* at p. 821.)

B.  **The Trial Court determined Taylor's act of forcible oral copulation and acts of forcible sodomy took place "on separate occasions" under governing law**

Taylor contends he was entitled to have the jury decide whether his act of forcible oral copulation and acts of forcible sodomy (counts 1 through 4) took place "on separate occasions" within the meaning of section 667.61, subdivision (i). Taylor acknowledges the United States Supreme Court has held "the Sixth Amendment does not inhibit states from assigning to judges, rather than to juries, the finding of facts necessary to the

_____

amended information filed on November 6, 2018, and a third amended information was filed November 13, 2018.

imposition of consecutive, rather than concurrent, sentences for multiple offenses." (See *Oregon v. Ice* (2009) 555 U.S. 160, 168-172; see also *People v. Nguyen* (2009) 46 Cal.4th 1007, 1018, fn. 9 ["It is also now clear that *Apprendi* [*v. New Jersey* (2000) 530 U.S. 466] does not require a jury determination of facts bearing on whether to impose concurrent or consecutive sentences for separate offenses."].) Taylor argues the dissenting opinion in *Oregon v. Ice, supra,* 555 U.S. 160 "is better reasoned," however, and he "invites" us "to record [our] disagreement with [the majority] opinion." We decline Taylor's invitation.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

MANELLA, P.J.

COLLINS, J.

8