Filed 7/22/24  P. v. Paul CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B327887 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA064489) |
| v. | |
| JASON DANA PAUL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Martin L. Herscovitz, Judge.  Affirmed.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review this appeal of an order denying, in part, dismissal of firearm allegations in the furtherance of justice pursuant to Penal Code section 1385.[1]  We affirm.

## FACTUAL BACKGROUND

The facts are brief and are taken from our first opinion in this matter.  On February 10, 2010, appellant Jason Dana Paul physically assaulted his fiancée, Wendy Rector, in their home.  Rector fled to a condominium unit nearby where a neighbor Lawrence Hill had already called 911.  Paul pursued Rector to Hill's unit, kicked in the door, and fired a handgun, hitting Rector twice and seriously injuring her.  Paul then fired his gun at police who responded to the scene.  A four-hour standoff ensued before Paul was apprehended.  A later search of Paul's unit yielded several handguns, rifles, shotguns, loaded firearms, and a SAP, a bludgeoning tool.  (*People v. Paul* (Dec. 5, 2012, B235151) [nonpub. opn.].)

## PROCEDURAL BACKGROUND

A jury convicted Paul of the deliberate, willful, and premeditated attempted murder of Wendy Rector (count 1); assault on police officer Craig Majors with a semi-automatic firearm (count 2); possession of a machine gun (count 3); possession of an assault weapon (count 4); possession of an unlawful assault weapon (count 5); possession of a deadly weapon (SAP) (count 6); importing a large capacity magazine (counts 7 and 8); assault with a firearm on Lawrence Hill (count 9); mayhem against Wendy Rector (count 11); assault with a firearm

---

[1]     Statutory references are to the Penal Code.

on Wendy Rector (count 13). The jury found the firearm enhancements true with respect to counts 1, 2, 9, 11, and 13. Ultimately the trial court imposed an aggregate sentence of 36 years to life in prison. This court affirmed the judgment of conviction. (*People v. Paul*, *supra*, B235151.)

On January 24, 2018, Paul filed a petition for writ of habeas corpus in the trial court, challenging, among other things, his sentence on count two (assault on police officer Craig Majors). Paul argued the midterm sentence of six years was illegal because the sentencing options were five, seven, or nine years. On January 25, 2018, the trial court denied Paul's petition for writ of habeas corpus on all grounds except the challenge to the sentence on count 2. As to that issue, the trial court resentenced Paul on count 2 to the low term of five years, reducing the aggregate sentence from 36 years to life to 35 years to life. Paul was neither present nor represented by counsel when the court resentenced him on count 2 and denied the remainder of his claims. On July 3, 2018, the trial court issued a new and different abstract of judgment, correcting the sentence on count two so that the new sentence was 35 years to life.

In our court on August 16, 2018, Paul filed a petition for writ of mandate, amended October 3, 2018, objecting to, among other things, the resentencing hearing that was held in his absence and without the assistance of counsel. He argued that if he had been present for resentencing he could have argued that the trial court should exercise its discretion to strike or dismiss any firearm enhancements under newly enacted Senate Bill 620, which allowed sentencing courts, for the first time, to strike firearm enhancements. The People agreed Paul was entitled to consideration under Senate Bill No. 620. On May 16, 2019,

3

construing the petition as a petition for writ of habeas corpus, our court issued an order to show cause to the trial court why appellant was not entitled to a resentencing hearing under Senate Bill No. 620 where he was to be present and represented by counsel. (*People v. Paul* (May 16, 2019, B292021) [nonpub. opn.].)

Due in part to COVID-19 emergency orders and the desire of both court and counsel to await the California Supreme Court's forthcoming decision in *People v. Tirado* (2022) 12 Cal.5th 688, the hearing on the order to show cause did not take place until November 17, 2022, three years later. In the course of the multiple continuances, on December 17, 2020, the People made an oral motion to dismiss the firearms allegations pursuant to section 1385. The trial court denied that request, citing *People v. Roman* (2001) 92 Cal.App.4th 141 and finding the interest of justice did not warrant dismissal of the allegations.

In advance of the resentencing hearing, Paul submitted several declarations attesting to his rehabilitation efforts. Paul's former fiancée addressed the court to oppose reduction of sentence. In addition, her mother's statement from the original sentencing was made available to all counsel.

At the resentencing hearing on November 17, 2022, the trial court indicated its understanding that it was to resentence Paul on the firearms enhancements only, not on any substantive offenses. Defense counsel replied "Understood." The trial court admitted into evidence Paul's "C-File" from the California Department of Corrections and Rehabilitation. It heard sworn testimony from Paul and argument by counsel. It also considered the declarations and victim testimony previously presented to the court. The court stated it saw "no interest of justice" in changing

the 25 years-to-life firearm enhancement imposed in connection with the attempted murder of Paul's former fiancée.

Two other firearm enhancements had been imposed in connection with the assault on police officer Craig Majors (count 2) and the assault on Lawrence Hill (count 9). As to the enhancement for the assault on the police officer, the trial court stated: "[T]he court was compelled under the law as it was [12] years ago to impose a second term of 25 years to life for the assault on [Officer Majors] when he was never struck by a bullet. [¶] . . . [¶] Despite my feeling that might be somewhat fundamentally unfair in certain situations, it was the law of California and this court, of course, has to follow the law, and I did so in sentencing Mr. Paul in this case. [¶] Now the court is given discretion to strike that or reduce it. If this case only dealt with a shot fired [at] Officer [Majors] and Miss [Rector] was not injured in the time previous upon the police arriving, then the maximum sentence under [section] 12022.53, subdivision (c) for the intentional discharge of the firearm would be a term of 20 years consecutive to the term of the underlying crime, which is a sum that the court would strongly consider imposing in the case. [¶] But the court is also going to consider the record of the defendant's conduct in state prison for the last decade, and that shows that the defendant is as termed in one of the evaluations of the defendant being a quote 'model inmate.' That he got a G.E.D., that he's taken college courses, and one thing I sort of found by accident, because it's not in the file, because Mr. Paul had asked his high school Presby High here in Encino to send him his transcripts, because he wanted to use that to see what credits were already achieved towards his G.E.D, and I'm sure Mr. Paul remembers about what those transcripts showed. [¶]

5

And he was an absolutely awful student. He got 'D's.' He got 'D's,' in all the academic courses. The only courses that he did well were physical education and art. All the biology, history, English, were all 'D's' and 'F's.' So that shows to me where he was when he was a young man versus where he is today. [¶] So for those reasons, the court is going to reduce the sentence on that . . . which is a [10]-year enhancement."

As for the assault on Lawrence Hill (count 9), the court struck the firearm allegation in its entirety. The trial court reiterated that it was not considering a new sentence on any of the substantive counts as it understood it had been ordered by our court to reconsider the firearm enhancements only.

In sum, the trial court dismissed the firearm enhancement attached to count 9 and reduced the firearm enhancement attached to count 2 from 25 years to 10 years. In all other respects the sentence remained unchanged.

On January 3, 2023, Paul filed a notice of appeal.

We appointed counsel to represent Paul on appeal. On September 18, 2023, counsel filed a no-issue brief pursuant to *People v. Delgadillo*. Counsel advised us he had told Paul he may file his own supplemental brief within 30 days. Counsel sent Paul transcripts of the record on appeal as well as a copy of the brief.

On September 18, 2023, this court sent Paul notice that a brief raising no issues had been filed on his behalf. We advised him he had 30 days within which to submit a supplemental brief or letter stating any grounds for appeal he believes we should consider. We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On November 20, 2023, Paul filed a supplemental brief, in which he contends that when the trial court resentenced him: 1) it abused its discretion because it should have reconsidered the entire sentence, not just the enhancements; 2) it erred in failing to find whether or not dismissal of the enhancements would endanger public safety; 3) it erred in not stating whether it considered mitigating factors listed in section 1385, subdivision (c)(2)(A)-(I); 4) it abused its discretion when it said it would not consider any changes in the law since the prior sentencing; 5) it abused its discretion when it denied the People's motion to dismiss all enhancements pursuant to District Attorney's Directive 20-08.

Paul also contends: 6) there was no evidence he would pose a danger to public safety if the firearm enhancements were stricken; 7) because the Legislature, effective January 1, 2024, has determined that the primary objective of adult incarceration is to facilitate the successful reintegration of individuals back into their communities, the trial court should resentence him de novo with this objective, rather than punishment, in mind; 8) when the trial court first resentenced him in 2018, it abused its discretion because it should have issued an order to show cause, appointed counsel, and permitted counsel and appellant to be present for sentencing; 9) appellant was illegally resentenced in 2018 because he should have been resentenced by the judge who imposed the original sentence; 10) appellant's jury was instructed on mayhem with a defective instruction; 11) appellant is entitled to review pursuant to *People v. Wende* (1979) 25 Cal.3d 436, not *People v. Delgadillo* because this is not an appeal from a denial of a statutory motion under section 1172.6.

7

## DISCUSSION

I. *As to Contentions 1, 4, and 7, the Trial Court Was Not Required to Reconsider the Entire Sentence.*

When appellant was originally sentenced in 2011, the trial court had no discretion to strike or dismiss a firearm use enhancement. (*People v. Arredondo* (2018) 21 Cal.App.5th 493, 506 (*Arredondo*).) Senate Bill No. 620 (2017–2018 Reg. Sess.) gave trial courts the discretion they previously lacked. Subdivision (h) of section 12022.53 now provides, "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law."

Appellant contends that when the matter was remanded to the trial court for resentencing, the entire sentence should have been reconsidered, not just the firearms enhancements. He should have been "fully resentenced." (*People v. Buycks* (2018) 5 Cal.5th 857, 893 [when part of a sentence is stricken on review, on remand a full resentencing as to all counts is appropriate, so that the trial court can exercise its sentencing discretion in light of changed circumstances].)

We disagree that the full resentencing rule applies. When we issued the order to show cause, we directed the trial court to reconsider the firearm enhancements only. We did not direct the trial court to reconsider the entire sentence. Nor did we vacate or strike the sentence in any way.

The issues a trial court may address in remand proceedings are limited to those specified in the reviewing court's directions, and if the reviewing court does not direct the trial court to take a

particular action or make a particular determination, the trial court is not authorized to do so.  (*People v. Cervantes* (2021) 72 Cal.App.5th 326, 332 [trial court did not err in declining to reconsider the entire sentence when the remand was to reconsider the firearms enhancement only]; *Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 859–860; *People v. Ramirez* (2019) 35 Cal.App.5th 55, 64.)  Our limited remand did not implicate a full resentencing as we did not vacate the original sentence, nor did we direct the trial court to do so.  Indeed, in our order we cited *Arredondo*, which held that the new rule on firearm enhancements applied to cases not yet final so that "on remand the trial court must determine whether [the firearm enhancements] found by the jury should be stricken." (*Arredondo, supra,* 21 Cal.App.5th at p. 507.)

Nonetheless, assuming the trial court should have reconsidered the entire sentence, we find the issue forfeited. Counsel acquiesced and did not object when the trial court stated its intention to review the firearm enhancements only.  Instead, counsel replied, "Understood."  This contention is forfeited.

Also forfeited is Paul's contention that the trial court should have considered all changes in the law that post-dated his original sentencing and that the trial court should have approached resentencing with the primary objective of facilitating the successful reintegration of individuals back to their communities.  He did not raise these arguments in the trial court and therefore they are forfeited.  (*People v. Coleman* (2024) 98 Cal.App.5th 709, 723–724 [ground for resentencing is forfeited where defendant failed to ask the trial court to consider it].)

9

II.    *As to Contentions 2 and 6, Danger to Public Safety Is Not a Necessary Finding When Considering the Furtherance of Justice.*

Paul contends that because the trial court failed to expressly find that dismissal of the enhancements would endanger public safety, the trial court erred. We disagree. Under section 12202.53, subdivision (h), dismissal is warranted only if the furtherance of justice so requires. The trial court here explained in detail, as set out above, why complete dismissal of the enhancements was not in the furtherance of justice. Consideration of public safety is not a necessary component of such a finding. (*Cf. People v. Mendoza* (2023) 88 Cal.App.5th 287, 297, fn. 6 [trial court is not required to strike enhancements if the court otherwise concludes that dismissal is not in the furtherance of justice].)

Section 12202.53, subdivision (h) does not require the court to consider public safety in determining whether the "interest[s] of justice" warrant dismissal or reduction of an enhancement.

III.    *As to Contention 3, the Trial Court Expressly Considered Mitigating Factors.*

Paul argues that the court erred when it did not expressly state that it considered the mitigating factors as set out in section 1385, subdivision (c)(2)(A)-(I). We disagree. The transcript of the hearing includes an extensive discussion by the trial court of factors the court found to be in Paul's favor: his extensive rehabilitation while in custody and certain aspects of the crimes themselves which the court believed warranted reduced enhancement sentences. The record shows the trial court had a firm grasp on the facts of the offense and Paul's personal history

and it properly used those facts in deciding whether, how, and by how much to reduce the firearm sentence enhancements.

Alternatively, Paul did not object that the court's oral ruling was incomplete or that it failed to consider certain factors under section 1385. We find this argument forfeited. (*People v. Carmony* (2004) 33 Cal.4th 367, 375-376 [failure to invite court to dismiss under section 1385 forfeits right to raise the issue on appeal].)

IV.    *As to Contention 5, the Trial Court Did Not Abuse Its Discretion When It Declined to Grant the Prosecutor's Motion to Dismiss All Firearm Enhancements.*

The prosecutor moved some time before the hearing on the firearm enhancements to dismiss all firearm enhancements in accordance with District Attorney's Special Directive 20-08, its new policy to decline to file firearm enhancements *ab initio*. The trial court denied the motion. Paul contends the trial court refused to consider even the merits of the motion because it disputed the prosecutor's power to make such a motion.

We disagree. The trial court found that once the jurisdiction of the trial court has been invoked by the filing of criminal charges, the disposition of those charges lies within the authority of the court only. It agreed with the statement in *People v. Roman, supra,* 92 Cal.App.4th at p. 145 that the "prosecutor has no independent authority to abandon a prosecution. [Citation.] 'When the jurisdiction of a court has been properly invoked by the filing of a criminal charge, the disposition of that charge becomes a judicial responsibility.' " The trial court went on to say that the parties can certainly move the court for dismissal, but the ultimate decision was up to the court. It stated it would consider whether or not to dismiss or reduce

11

the firearm enhancements once the *Tirado* case was handed down.

As set forth above, the trial court made good on its promise. It considered the disposition of the firearms enhancements on the merits once *Tirado* was decided. That it found the interests of justice did not compel dismissal of all the firearm enhancements, as requested by the prosecutor, does not undermine the measured approach the trial court took in analyzing the issues in accordance with the mandate of section 1385.

V.     *Contentions 8, 9 and 10 Are Not Properly Before the Court.*

The order to show cause issued by this court instructed the trial court to consider dismissing the firearm enhancements now that it had the discretion to do so under Senate Bill No. 620. The order to show cause did not reopen all the previous proceedings and procedures to new challenges. (*Cf. People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [the mere filing of a section 1172.6 petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings].) Thus, contentions 8, 9 and 10 must fail.

VI.     *Contention 11 Need Not Be Addressed.*

We decline to exercise our discretion to independently review the record under *People v. Wende.* The procedure set out in *Delgadillo* is not limited to statutory motions under section 1172.6, as appellant contends. Indeed, the *Delgadillo* court pointed out that the procedures set out in *Wende* do not apply to an appeal from the denial of postconviction relief, even if the defendant has a state-created right to the appointment of counsel for that appeal. (*Delgadillo, supra,* 14 Cal.5th at p. 226.)

12

## DISPOSITION

The order denying in part the petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:


GRIMES, J.


WILEY, J.


13